UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, | § § § § | |
| Plaintiff, | § § | |
| BUFFALO TECHNOLOGY (USA), INC., a Delaware corporation, and BUFFALO INC., a Japanese corporation, | § § § | Case No. 2:05-cv-53 (LED) |
| Defendants | § § § § | |

## AMENDED ANSWER TO COMPLAINT

Defendants Buffalo Technology (USA), Inc. and Buffalo, Inc. (together "Buffalo" or "Defendants") for their answer to the Complaint of Plaintiff Commonwealth Scientific and Industrial Research Organisation ("CSIRO" or "Plaintiff") allege as follows:

### THE PARTIES

1. Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and on that basis, denies them.

2. Buffalo admits the allegations of paragraph 2 of the Complaint.

3. Buffalo admits that Buffalo, Inc. is organized under the laws of Japan, with its principal place of business in Nagoya, Japan, and that Buffalo, Inc. and Buffalo Technology (USA), Inc. are owned by the same corporate entity. Buffalo further admits that Buffalo has sold allegedly infringing products in the Eastern District of Texas. Except as expressly admitted, Buffalo denies each of the allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Buffalo admits that Plaintiff purports to assert a claim for patent infringement under 35 USC §§ 1, *et seq* and that the Court has jurisdiction over such claim under Title 28, United States Code, §§1331 and 1338(a). Buffalo admits that some of its allegedly infringing products have been sold in this district and that, consequently, venue is proper in this district. Except as expressly admitted, Buffalo denies each of the allegations in paragraph 4 of the Complaint.

## INFRINGEMENT OF U.S. PATENT 5,487,069

5.      Buffalo admits that Exhibit "A" is a true and correct copy of U.S. Patent No. 5,487,069 (the "'069 Patent"), entitled "Wireless LAN." Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegation that CSIRO holds all rights and interest in the '069 Patent, and on that basis, denies that allegation. Except as expressly admitted, Buffalo denies each of the allegations in paragraph 5 of the Complaint.

6      Buffalo denies each allegation of paragraph 6 of the Complaint.

7.      Buffalo denies each allegation of paragraph 7 of the Complaint.

8.      Buffalo denies each allegation of paragraph 8 of the Complaint.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses, Buffalo pleads as follows:

9.      Plaintiff fails to state a claim upon which relief can be granted.

10      Buffalo has not infringed, either directly, contributorily, or by inducement, the claims of the patent in suit either literally or under the doctrine of equivalents

11.      U.S Patent No. 5,487,069 is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, 112, including 112(1), 112(2) and 112(6), and §132.

12.      Plaintiff is estopped from asserting infringement by reason of its acts, representations and/or omissions during prosecution before the United States Patent and Trademark Office on the application which led to the issuance of the U.S. Patent No. 5,487,069.

5916052

### PRAYER

For the foregoing reasons, Defendants Buffalo Technology (USA), Inc and Buffalo, Inc.,

pray for judgment as follows:

    A.    That Plaintiff Commonwealth Scientific and Industrial Research Organisation

take nothing by its Complaint and that the Complaint be dismissed with prejudice;

    B.    That the Court declare the case an exceptional case;

    C.    Awarding Defendants their reasonable attorneys' fees;

    D.    Awarding Defendants their costs of suit (including expert fees); and

    E.    For such other, further and different relief as the Court may deem just and proper.

Dated:  May 19, 2006

                By:  /s/ Richard J. Codding
                    (w/permission by Allen F. Gardner)
                    Richard J. Codding
                    Akin Gump Strauss Hauer & Feld LLP
                    2029 Century Park East, Suite 2400
                    Los Angeles, California 90067
                    Telephone:310.229.1045
                    Facsimile: 310.229.1001
                    E-mail:    rcodding@akingump.com

                    Michael E. Jones
                    State Bar No. 10929400
                    Allen F. Gardner
                    State Bar No. 24043679
                    POTTER MINTON
                    A PROFESSIONAL CORPORATION
                    110 North College, Suite 500
                    Tyler, Texas 75702
                    Telephone:903.597.8311
                    Facsimile: 903.593.0846
                    E-mail:  mikejones@potterminton.com
                    E-mail: allengardner@potterminton.com
                    Attorneys for Defendants
                    BUFFALO TECHNOLOGY (USA), INC.,
                    and BUFFALO INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on May 19, 2006.  Any other counsel of record will

be served by facsimile transmission and first class mail on the same date.

/s/ Allen F. Gardner
Allen F. Gardner

5916052

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, | §<br>§<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| BUFFALO TECHNOLOGY (USA), INC., a Delaware corporation, and BUFFALO INC., a Japanese corporation, | §<br>§<br>§<br>§ | Case No. 2:05-cv-53 (LED) |
| Defendants. | §<br>§<br>§<br>§ | |

**DECLARATION OF ALLEN GARDNER IN SUPPORT OF BUFFALO'S MOTION FOR**
**LEAVE TO FILE AMENDED ANSWER**

I, Allen Gardner, declare:

1.      I am an associate at Potter Minton, A Professional Corporation in Tyler, Texas. I am one of the attorneys representing defendant Buffalo Technology (USA), Inc. and Buffalo Inc. (collectively "Buffalo") in the above-captioned matter filed by Plaintiff Commonwealth Scientific and Industrial Research Organisation ("CSIRO"). Upon information and belief:

2.      Attached hereto as Exhibit "A" is a true and correct copy of Buffalo's Initial Patent Disclosures, dated June 14, 2005.

3.      Attached hereto as Exhibit "B" is a true and correct copy of Buffalo's Amended Rule 26 Initial Disclosures, dated July 29, 2005.

I declare under penalty of perjury that the foregoing is true and correct.

Signed: May 19, 2006

_____
Allen Gardner

5918862

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2-05 CV-53 LED |
| BUFFALO TECHNOLOGY (USA), INC., a Delaware corporation, and BUFFALO INC., a Japanese corporation | ) ) ) ) | |
| Defendants. | ) ) | |

**AMENDED INITIAL PATENT DISCLOSURES OF**

**BUFFALO TECHNOLOGY (USA), INC. AND BUFFALO, INC.**

Defendants Buffalo Technology (USA), Inc., and Buffalo Inc. (collectively, "Buffalo")
make the following initial patent disclosures to Plaintiff Commonwealth Scientific and Industrial
Research Organisation ("Commonwealth") pursuant to Eastern District of Texas, Local Patent
Rules and the Discovery Order filed on May 9, 2005. Buffalo's investigation is still in its
preliminary stages and is ongoing. Accordingly, Buffalo reserves the right to supplement or
amend these disclosures as additional, relevant and responsive information is discovered.

Buffalo's initial patent disclosures pursuant to Local Patent Rule 3-3:

a.    Please refer to Exhibit "A," attached hereto. The prior art references cited in
Exhibit "A" are as follows:

    A.    U.S. Patent No. 5,276,763, "Wireless Local Area Network Communications
System," Budin, D., issued on Jan. 4, 1994 with filing date Jan. 13, 1992;

    B.    U.S. Patent No. 5,282,222, "Method and Apparatus for Multiple Access Between
Transceivers in Wireless Communications Using OFDM Spread Spectrum,"
Fattouche, M. et al, issued on Jan. 25, 1994, with filing date Mar. 31, 1992;

    C.    U.S. Patent No. 5,048,057, "Wireless Local Area Network," Saleh, A., issued on
Sep. 19, 1991 with filing date Jan. 2, 1990;

5744311

1

D.    "Analysis and Simulation of a Digital Mobil Channel Using Orthogonal Frequency Division Multiplexing," Cimini, L., July 1985, IEEE Transactions on Communications, Vol. Com-33, No. 7, pp. 665-675;

E.    "Wireless Intraoffice Networks," K. Pahlavan, July 1988, ACM Transactions on Office Information Systems, Vol. 6, No. 3, pp.277-302;

F.    "The Coded Orthogonal Frequency Multiplexing (CODFM) Technique, and Its Application to Digital Broadcasting Towards Mobile Receivers," J. C. Rault, et al, CH2682-3/89/0000-0428 1989 IEEE;

G.    "Spread Spectrum for Radio LANs", Wilkinson, T., et al., May 7, 1992, IEEE Colloquium on Radio LANs, pp. 6/1 – 6/4; and

H.    "Multi carrier Modulation for Data Transmission: An Idea Whose Time Has Come," IEEE Communications Magazine, May 1970, pp. 5 - 14.

b.    The attached Preliminary Invalidity Charts indicate, with respect to each prior art reference, whether the claim at issue is invalid as having been anticipated by the prior art reference (35 USC § 102(a)) or as having been obvious to one of ordinary skill in the art in view of a combination of references (35 USC § 103).

With respect to the § 103 combinations, all of the references are in the same field of art as the alleged invention of the patent-in-suit, or in closely related fields. All of the references deal in one way or another with the various technical challenges confronting the development of wireless LANs. One of ordinary skill in the art would have been motivated to combine the various references by the desire to use the various techniques disclosed in the references to overcome those technical challenges.

c.    Attached hereto are Buffalo's Preliminary Invalidity Charts. The asserted claims include at least the following three terms that should be interpreted in accordance with 35 USC § 112(6):

modulation means for modulating;

means to apply [reliability enhancement]; and

means . . for interlearing.

5744311

2

In the attached invalidity charts, the structures in the prior art references which perform the claimed functions are identified and described.

d.    At this time, Buffalo is not asserting that the claims-at-issue are invalid under 35 USC § 112(1).

However, independent claims 10 and 26 and the claims which depend from those claims are invalid under 35 USC § 112(2). Those claims do not particularly point out and distinctly claim the subject matter of the alleged inventions as required by 35 USC § 112(2). Those claims recite "said ensemble modulation means." However, there is no prior recitation of an "ensemble modulation means" in the claims. Thus, the phrase "said ensemble modulation means" has no antecedent and the claims are invalid because they are indefinite.

Although not called for by the Court's Local Patent Rules, Buffalo believes the '069 Patent Claims which are not explicitly limited to transmitting at frequencies in excess of 10 GHz, are invalid for violations of 35 USC § 132(a). In the amendment filed July 3, 1995, new matter was added to the disclosure of the invention. To the extent the amendment added discussion of the frequency of transmission that was not limited to 10 GHz, that matter broadened the scope of the disclosure and constituted new matter. See '069 Patent at 2:45-60.

Buffalo reserves the right to supplement these disclosures as discovery in this case proceeds.

Dated:  June 14, 2005

By:  _Richard J. Codding_ /s JAM

Richard J. Codding (admitted *pro hac vice*)
Joanna H. Kim (admitted *pro hac vice*)
Justin Radell (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD, LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:      (310) 229-1000
Facsimile:       (310) 229-1001
E-mail:           rcodding@akingump.com

5744311

3

E-mail:        jkim@akingump.com
E-mail:        jradell@akingump.com

Michael E. Jones (State Bar No. 10929400)
POTTER MINTON, A Professional Corporation
110 N. College, Suite 500
Tyler, Texas 75702
Telephone:      903.597.8311
Facsimile:      903.593.0846
E-mail:         michaeljones@potterminton.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2-05 CV-53 LED |
| BUFFALO TECHNOLOGY (USA), INC., a Delaware corporation, and BUFFALO INC., a Japanese corporation | ) ) ) ) | |
| Defendants. | ) ) ) | |

## AMENDED RULE 26(a) INITIAL DISCLOSURES OF

## BUFFALO TECHNOLOGY (USA), INC. AND BUFFALO INC.

Defendants Buffalo Technology (USA), Inc., and Buffalo Inc. (collectively, "Buffalo") make the following amended initial disclosures to Plaintiff Commonwealth Scientific and Industrial Research Organisation ("Commonwealth") pursuant to Rule 26(a) of the Federal Rules of Civil Procedure and the Discovery Order filed on May 9, 2005. Buffalo's investigation is still in its preliminary stages and is ongoing. Accordingly, Buffalo reserves the right to supplement or amend these disclosures as additional, relevant and responsive information is discovered.

A.    The correct names of the parties to the lawsuit:

Plaintiff Commonwealth Scientific and Industrial Research Organisation

Defendants Buffalo Technology (USA), Inc., and Buffalo Inc.

B.    The name, address, and telephone number of any potential parties:

Buffalo is presently unaware of any potential parties.

C.    The legal theories and in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial):

Buffalo intends to raise the following defenses:

3 7-29

1.    Buffalo's products are not covered by the claims at issue in U.S. Patent No.

5,487,069 (the "'069 Patent"), i.e., Claims 10-16, 26-32, 42-48, 56-60, 68-72, either literally or

under the doctrine of equivalents. Hence, Buffalo has not infringed the '069 Patent. Among

other things, each claim at issue should be limited to receiving and transmitting at frequencies in

excess of 10 GHz.

2.    The '069 is invalid and/or unenforceable for failure to comply with one or more

provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102,

103, 112 and 132. Buffalo believes there is substantial prior art which anticipates and/or renders

obvious the '069 Patent, including but not limited to: Pahlavan, K., *Wireless Intraoffice*

*Networks*, ACM Transactions on Office Information Systems, Vol. 6, No. 3, July 1988, pps. 277-

302; "Analysis and Simulation of a Digital Mobil Channel Using Orthogonal Frequency Division

Multiplexing," Cimini, L., July 1985, IEEE Transactions on Communications, Vol. Com-33, No.

7, pp. 665-675; "The Coded Orthogonal Frequency Multiplexing (CODFM) Technique, and Its

Application to Digital Broadcasting Towards Mobile Receivers," J. C. Rault, et al, CH2682-

3/89/0000-0428 1989 IEEE; "Spread Spectrum for Radio LANs", Wilkinson, T., et al., May 7,

1992, IEEE Colloquium on Radio LANs, pp. 6/1 – 6/4; "Multi carrier Modulation for Data

Transmission: An Idea Whose Time Has Come," IEEE Communications Magazine, May 1970,

pp. 5 – 14; U.S. Patent No. 5,048,057, "Wireless Local Area Network," Saleh, A., issued on Sep.

19, 1991 with filing date Jan. 2, 1990; U.S. Patent No. 5,282,222, "Method and Apparatus for

Multiple Access Between Transceivers in Wireless Communications Using OFDM Spread

Spectrum," Fattouche, M. et al, issued on Jan. 25, 1994, with filing date Mar. 31, 1992; U.S.

Patent No. 5,276,763, "Wireless Local Area Network Communications System," Budin, D.,

issued on Jan. 4, 1994, with filing date Jan. 13, 1992; U.S. Patent No. 5,404,374, "Method and

Apparatus for Transmitting and Receiving Encoded Data Using Multiple Frequency Coding,"

Mullins, J. et al., issued on Apr. 4, 1995, with filing date July 12, 1993; "Principals of

Modulation and Channel Coding for Digital Broadcasting for Mobile Receivers," Alard, M. et

al., EBU Review – Technical, No. 224, Aug. 1987, pp. 168-190; and U.S. Patent No. 5,561,686

5770488

2

"Radio Information Communication System Using Multi-Carrier Spread Spectrum Transmission System," Kobayashi, H., issued on Oct. 1, 1996, with filing date Aug. 24, 1992.

3.      Claims 10-16, 26-32, 42-49, 56-60 and 68-72 are invalid under 35 USC § 112(1) because the application which led to the issuance of the '069 patent, as filed, did not disclose the transmission of data at frequencies of less than 10 GHz. Thus, the application as filed did not contain a written description of the invention claimed in the specified claims as required by 35 USC § 112(1).

In addition, independent claims 10 and 26 and the claims which depend from those claims are invalid under 35 USC § 112(2). Those claims do not particularly point out and distinctly claim the subject matter of the alleged inventions as required by 35 USC § 112(2). Those claims recite "said ensemble modulation means." However, there is no prior recitation of an "ensemble modulation means" in the claims. Thus, the phrase "said ensemble modulation means" has no antecedent and the claims are invalid because they are indefinite.

4.      Buffalo believes the '069 Patent Claims which are not explicitly limited to transmitting at frequencies in excess of 10 GHz, are invalid for violating 35 USC § 132(a). In the amendment filed July 3, 1995, new matter was added to the disclosure of the invention. To the extent the amendment added discussion of the frequency of transmission that was not limited to "in excess of 10 GHz," that matter broadened the scope of the disclosure and constituted new matter.

5.      Commonwealth is estopped from asserting infringement by reason of its acts, representations and/or omissions during prosecution before the United States Patent and Trademark Office on the application which led to the issuance of the '069 Patent, including but not limited to its distinguishing of prior art based on the fact that the alleged invention of the patent-in-suit receives and transmits at frequencies in excess of 10 GHz.

3

D. The name, address and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person:

1. Satoshi Inaba, Chief Operating Officer of Buffalo Technology (USA), Inc. Mr. Inaba can be reached through Buffalo's counsel of record in this litigation. Mr. Inaba has knowledge of the revenues and profits from the sale of Buffalo products in the United States.

2. Morikazu Sano, formerly Vice President of Product Marketing and Public Relations for Buffalo Technology (USA), Inc. and now an employee of Buffalo, Inc. Mr. Sano can be reached through Buffalo's counsel of record in this litigation. Mr. Sano has knowledge of the marketing and sales of Buffalo products in the United States.

3. Olesya Tsoi, Marketing Representative for Buffalo Technology (USA), Inc. Ms. Tsoi can be reached through Buffalo's counsel of record in this litigation. Ms. Tsoi has knowledge of the marketing and sales of Buffalo products in the United States.

4. Brian Verenkoff, Product Manager for Buffalo Technology (USA), Inc. Mr. Verenkoff can be reached through Buffalo's counsel of record in this litigation. Mr. Verenkoff has knowledge of the marketing and sales of Buffalo products in the United States.

5. Masato Kato, Deputy General Manager, New Technology Research and Development Department, Buffalo Inc. Mr. Kato can be reached through Buffalo's counsel of record in this litigation. Mr. Kato has knowledge of the technical workings of Buffalo's products.

6.   Tina Campbell, formerly Sr. Vice President and General Manager of Buffalo
Technology (USA), Inc.. Ms. Campbell is no longer employed by either Buffalo
Technology (USA), Inc. or Buffalo Inc. and her whereabouts are presently
unknown. Ms. Campbell has knowledge of communications between Buffalo and
CSIRO.

7.   Satoshi Hirose, General Manager of Technical Support Department at Buffalo Inc.
Mr. Hirose can be reached through Buffalo's counsel of record in this litigation.
Mr. Hirose has knowledge of communications between Buffalo and CSIRO.

8.   Tokio Itsukaichi, Manager, Intellectual Property Matters, Buffalo, Inc.. Mr.
Itsukaichi can be reached through Buffalo's counsel of record in this litigation.
Mr. Itsukaichi has knowledge of communications between Buffalo and CSIRO.

9.   Kotaro Kimura at Buffalo, Inc.. Mr. Kimura can be reached through Buffalo's
counsel of record in this litigation. Mr. Kimura has knowledge of
communications between Buffalo and CSIRO.

10.   V. Hayes, Chair of IEEE P802.11, Lucent Technologies Nederland B.V.,
Zadelstede 1-10. 3431 JZ Nieuwegein the Nederlands. Mr. Hayes is believed to
have knowledge of communications between the IEEE and CSIRO, and the IEEE
802.11 standards.

11.   Mary Shepherd, Manager Intellectual Property Matter, IEEE Standards
Department, 445 Hoes Lane, Piscataway, NJ 08855-1331, phone (732) 562-3504.
Ms. Shepherd is believed to have knowledge of communications between the
IEEE and CSIRO, , and the IEEE 802.11 standards.

12.   Dennis Cooper, Chief of Division at CSIRO. Mr. Cooper is believed to have
knowledge of communications between the IEEE and CSIRO.

13.   Denis Redfern, General Manager Business Development of CSIRO. Mr. Redfern
is believed to have knowledge of communications between Buffalo and CSIRO,
and the '069 Patent.

14. Robert C. Colwell of Townsend, Townsend & Crew. Mr. Colwell is believed to have knowledge of communications between Buffalo and CSIRO.

15. Richard Hsu of Townsend and Townsend and Crew. Mr. Hsu is believed to have knowledge of communications between Buffalo and CSIRO.

16. John D. O'Sullivan, listed on the '069 Patent as an inventor. Mr. O'Sullivan's address is unknown, but his last known location is in Ermington, Australia. Mr. O'Sullivan has knowledge about the prosecution of the '069 Patent and the alleged invention therein.

17. Graham R. Daniels, listed on the '069 Patent as an inventor. Mr. Daniels' address is unknown but last known location is in Willoughby, Australia. Mr. Daniels has knowledge about the prosecution of the '069 Patent and the alleged invention therein.

18. Terence M. P. Percival, listed on the '069 Patent as an inventor. Mr. Percival's address is unknown, but his last known location is Lane Cove, Australia. Mr. Percival has knowledge about the prosecution of the '069 Patent and the alleged invention therein.

19. Diethelm L. Ostry, listed on the '069 Patent as an inventor. Mr. Ostry's address is unknown, but his last known location is Eastwood, Australia. Mr. Ostry has knowledge about the prosecution of the '069 Patent and the alleged invention therein.

20. William S. Frommer, listed on the '069 Patent as the patent prosecuting attorney. Mr. Frommer's address is unknown. Mr. Frommer has knowledge about the prosecution of the '069 Patent.

21. Individuals at Atheros Communications, Inc. 529 Almanor Avenue, Sunnyvale California 94085. These individuals will likely have knowledge as to the chips used within Buffalo products. At this time, Buffalo has no further information on the identities of potential witnesses from Atheros

22.   Individuals at Broadcom Corporation, 16215 S. Alton Parkway, Irvine California

92619. These individuals will likely have knowledge as to the chips used within

Buffalo products. At this time, Buffalo has no further information on the

identities of potential witnesses from Broadcom.

23.   Individuals at Ralink Technology Corporation, 20833 Stevens Creek Blvd,,

Cupertino, California 95014. These individuals will likely have knowledge as to

the chips used within Buffalo products. At this time, Buffalo has no further

information on the identities of potential witnesses from Ralink.

E.   Any indemnification and insurance agreements under which any person or entity may be

liable to satisfy part or all of a judgment which may be entered in the action or to

indemnify or reimburse for payments made to satisfy the judgment:

Not applicable.

F.   Any settlement agreements relevant to the subject matter of this action:

Not applicable

G.   Statement of any party to the litigation:

None.

Dated: July 29, 2005

By: _____

Richard J. Codding (admitted *pro hac vice*)
Joanna H. Kim (admitted *pro hac vice*)
Justin Radell (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD, LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:       (310) 229-1000
Facsimile:        (310) 229-1001
E-mail:           rcodding@akingump.com
E-mail:           jkim@akingump.com
E-mail:           jradell@akingump.com

5770488

7

Michael E. Jones (State Bar No. 10929400)
POTTER MINTON, A Professional Corporation
110 N. College, Suite 500
Tyler, Texas 75702
Telephone:        903.597.8311
Facsimile:        903.593.0846
E-mail:           michaeljones@potterminton.com

5770488

8

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Amended Rule 26(a) Initial Disclosures of Buffalo Technology (USA), Inc. and Buffalo Inc.** has this 29th day of July, has been properly forwarded by first class mail to all known counsel of record, which is listed as follows.

S. Calvin Capshaw
Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157
*Facsimile: 903.236.8787*
*ccapshaw@mailbmc.com*

Franklin Jones, Jr.
Jones & Jones, Inc., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, TX 75671-1249
*Facsimile: 903.938.3360*
*maizieb@millerfirm.com*

Otis W. Carroll
Ireland, Carroll & Kelley, P.C.
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, IX 75711
*Facsimile: 903.561.1071*
*nancy@icklaw.com*

Townsend and Townsend & Crew LLP
379 Lytton Avenue
Palo Alto, CA 94301
*Facsimile: 650.326.2422*
Daniel J. Furniss
*djf@townsend.com*
Byron W. Cooper
*bwc@townsend.com*
Gary H. Ritchey
*ghritchey@townsend.com*
Gregory S. Bishop
*gsbishop@townsend.com*
Thomas F. Fitzpatrick
*tffitzpatrick@townsend.com*
Marie C. Seibel
*mcseibel@townsend.com*

Michael E. Jones
Potter Minton
110 N. College
500 Plaza Tower
Tyler, Texas 75702
Facsimile:     903.593.0846
michaeljones@potterminton.com

5770488

By: _____

Justin Radell (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD, LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:        (310) 229-1000
Facsimile:        (310) 229-1001
E-mail:           jradell@akingump.com

5770488

10