IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION | ) ) ) ) | |
| Plaintiff, | ) ) | 6:06-CV-324 (LED) |
| v. | ) ) | JURY |
| BUFFALO TECHNOLOGY (USA), INC., a Delaware corporation, and BUFFALO INC., a Japanese corporation, | ) ) ) ) | |
| Defendants. | ) ) | |

**MOTION IN LIMINE NO. 1 OF DEFENDANTS BUFFALO TECHNOLOGY (USA), INC.
AND BUFFALO INC.:  TO EXCLUDE INJUNCTIVE RELIEF EVIDENCE**

Defendants Buffalo Technology (USA), Inc. and Buffalo Inc. (collectively "Buffalo") hereby move in limine to exclude evidence pertaining to the request by Plaintiff Commonwealth Scientific and Industrial Research Organisation's ("CSIRO") for injunctive relief but irrelevant to the issue of damages, which is the only issue to be tried before a jury.

## I.    <u>INTRODUCTION</u>

This Court has set the date for hearing on CSIRO's motion for permanent injunction for the first date of trial.  Buffalo is concerned that during the jury trial, which is limited to the issue of damages, CSIRO will seek to introduce evidence pertaining to CSIRO's motion for permanent injunctive relief, an equitable issue for which CSIRO has no right to a jury trial.  Specifically, CSIRO may attempt to introduce evidence that CSIRO was irreparably harmed and that damages would be inadequate.

Such evidence has no bearing on the amount of damages CSIRO should be awarded in this damages trial.  However, such evidence will likely confuse and mislead the jury into believing that CSIRO should receive more damages than the evidence proves at trial.  Because the jury has no authority to award injunctive relief, it has no reason to consider whether the harm would be irreparable or damages would be inadequate in the absence of such relief.  Accordingly, evidence or argument regarding irreparable harm or the adequacy of damages should be excluded from the jury trial.

## II.   <u>CSIRO SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF IRREPARABLE HARM AND INADEQUACY OF DAMAGES.</u>

Under Federal Rule of Evidence 402, all "[e]vidence which is not relevant is not admissible."  Fed. R. Evid. 402.  Under Federal Rule of Evidence 403, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, or misleading the jury."  Fed. R. Evid. 403.  "The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."  *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotations omitted).  "[T]he motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings. . . . The prudent use of the in limine motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury."  *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

In support of CSIRO's Motion For A Permanent Injunction, CSIRO has advanced six arguments that purport to establish that "there is irreparable harm for which money damages is [sic] not an adequate remedy":  (1)  "The Technology Of The '069 Patent Is Central To The Infringing Products"; (2) "Failure To Enjoin Would Harm CSIRO's Licensing Efforts"; (3) "Failure To Enjoin Would Harm CSIRO's Research Programs"; (4) "Failure To Enjoin Would Encourage Others To Infringe"; (5) "CSIRO Should Not Be Forced To Accept Buffalo As A Compulsory Licensee"; and (6) "CSIRO Is Irreparably Harmed If Its Rights Under The FTA Are Violated."  *See* CSIRO's Motion And Memorandum In Support Of Its Motion For A Permanent Injunction at 15-22, filed under seal on December 15, 2006.

Buffalo is concerned that CSIRO may attempt to introduce evidence in support of these arguments during the jury trial, although CSIRO is not entitled to do so as a matter of law. Specifically, Buffalo is concerned that CSIRO may attempt to introduce the following categories of evidence during the jury trial, even though such evidence would be prejudicial, confusing, and irrelevant:

(1)     evidence that "the technology reflected in the '069 Patent is the core technology embodied in the IEEE 802.11a and 802.11g standards" and that "[t]he products sold by Buffalo are products designed to provide exactly this wireless functionality to computers," *id*. at 15 (citing Ritchey Decl., Exhs. F, G, and H (Expert Reports of Dr. Jeffrey Andrews, Dr. Peter Monsen, and D. Paul Regan));

(2)     evidence that prior to filing this lawsuit, "CSIRO has offered licenses to numerous companies on a reasonable and non-discriminatory basis," *id*. at 11-12, including "Accton, Apple Computer, Buffalo, D-Link, Dell, Hewlett Packard, IBM, Linksys, Microsoft, Netgear, SMC and many others," *id*. at 6 (citing Redfern Decl.);

(3)     evidence that "none of the potential licensees accepted CSIRO's offer," and that "[c]ommon reasons were that a potential licensee could not afford to pay a royalty if their competition was not also paying a royalty, or take the risk of agreeing to a license where there were unresolved challenges to the validity of a patent," *id*. at 6-7;

(4)     evidence that "CSIRO has suffered harm by not having the resources to fund certain projects," and that "[w]hen programs cannot be funded researchers may leave . . . [and] others may get to the finish line first and patent their results," *id*. at 20 (citing Steele Decl., ¶¶ 10-18);

(5)     evidence that "Buffalo's denial of the validity of the '069 patent and refusal to take a license has . . . encourage[d] others to infringe" upon the '069 Patent, *id*. at 2; *see also id*. at 17, 20, 21;

(6)     evidence that "Buffalo rejected CSIRO's offer of a RAND license" and that "Buffalo refused to even meet with CSIRO," *id*. at 21; *see also id*. at 7;

(7)     evidence that "Buffalo has acted in what can only be considered an unprofessional and even offensive fashion -- such as by suggesting that CSIRO was acting like a swindler," and that "Buffalo has stated its intention to continue its infringement despite the Court's rulings," *id*. *see also id*. at 8;

(8)     evidence that CSIRO has been forced "to accept Buffalo as a *de facto* compulsory license," *id*. at 21, or that CSIRO's patent is protected by the Australia-United States Free Trade Agreement, *id*. at 21-22; *see also id*. at 8-9.

Each of these categories of evidence is likely to prejudice, confuse, and mislead the jury, and none of them is relevant to the question of damages.  The introduction of such evidence would introduce unfair prejudice and confusion into the trial, which no jury instructions could cure.  We therefore ask that such evidence be precluded, and CSIRO be prohibited from making any arguments, assertions, or comments to the jury regarding such evidence.

### III.   <u>CONCLUSION</u>

For the reasons set forth above, CSIRO should not be permitted to introduce evidence or make argument regarding the existence of irreparable harm or the inadequacy of damages.


Dated: January 22, 2007                         Respectfully submitted,


                                    By: /s/ Richard J. Codding
                                         <u>(w/permission by Allen F. Gardner)</u>
                                         Richard J. Codding
                                         Joanna Kim
                                         Akin Gump Strauss Hauer & Feld LLP
                                         2029 Century Park East, Suite 2400
                                         Los Angeles, California 90067
                                         Telephone:310.229.1045
                                         Facsimile: 310.229.1001
                                         E-mail:    rcodding@akingump.com

                                         Michael E. Jones (State Bar No. 10929400)
                                         Allen F. Gardner (State Bar No. 24043679)
                                         POTTER MINTON
                                         A PROFESSIONAL CORPORATION
                                         110 North College, Suite 500
                                         Tyler, Texas 75702
                                         Telephone:903.597.8311
                                         Facsimile: 903.593.0846
                                         E-mail:    mikejones@potterminton.com
                                         E-mail:    allengardner@potterminton.com

                                         Attorneys for Defendants
                                         **BUFFALO TECHNOLOGY (USA), INC.,
                                         and BUFFALO INC.**


### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 22nd of  January, 2007. Any other counsel of record will be served by first class mail on this same date.

                                         /s/ Allen F. Gardner
                                         Allen F. Gardner