IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION | § § § § | |
| Plaintiff | § § | |
| vs. | § § | CASE NO. 6:06-CV-324 PATENT CASE |
| BUFFALO TECHNOLOGY (USA), a Delaware corporation, and BUFFALO INC., a Japanese corporation | § § § § | |
| Defendant | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion for Leave to Submit a Supplemental Expert Report and to Identify an Additional Expert (Docket No. 320). After considering the parties' written submissions, the Court **GRANT**S the motion in part and **DENIES** the motion in part. Buffalo may submit a supplemental expert report but may not identify an additional expert.

**BACKGROUND**

On February 2, 2005, the Commonwealth Scientific and Industrial Research Organization ("CSIRO") filed a patent infringement suit in this Court accusing Buffalo Technology (USA), Inc., and Buffalo, Inc., (collectively "Buffalo") of infringing various claims of the '069 patent (the "Buffalo case"). As the case approached trial, CSIRO and Buffalo filed various cross motions for summary judgment asking the Court to resolve these issues before a jury trial on damages. After the briefing and hearing, the Court found the asserted claims of the '069 Patent were infringed and not invalid as anticipated, obvious, or for a lack of support in the written specification. 6:06-cv-324-

1

LED, Docket No. 228, Memorandum Opinion and Order Granting CSIRO's Motions for Summary Judgment on Validity and Infringement (November 13, 2006).  Buffalo appealed that order to the Federal Circuit.  On October 27, 2008 the Federal Circuit remanded the Buffalo case for resolution of the issues of obviousness, willfulness, and damages and affirmed this Court's judgment in all other respects.  On remand, the Court has consolidated this case for trial with three other co-pending suits brought by CSIRO against other Defendants.[1]

While the *CSIRO v. Buffalo* case was on appeal, the Supreme Court issued *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398 (2007), which altered the standard for finding a patent invalid as obvious.  Buffalo now moves for leave to submit a supplemental expert report on obviousness under the *KSR* standard and seeks to identify a new expert, Mr. McNair, to do so.  Buffalo's previous invalidity expert, Mr. Bagby, had submitted an expert report on obviousness before the appeal, but that report did not consider *KSR* as *KSR* had not issued yet.  CSIRO now agrees that Buffalo should be allowed to submit a supplemental expert report on *KSR* obviousness, but opposes the identification of a new expert on that topic.

## APPLICABLE LAW

In determining whether to allow a party to designate an expert after a deadline, courts consider four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.  *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

---

[1] Though some of these cases are declaratory judgment actions where CSIRO is the defendant, CSIRO has asserted counterclaims against all parties in those actions.  Therefore, for ease of reference, all parties other than CSIRO and Buffalo will be referred to as "Defendants."

## ANALYSIS

*Explanation for the failure to identify the witness*

Buffalo contends that it should be allowed to identify a new expert witness on obviousness because Buffalo's prior expert, Bagby, does not want to testify at the trial and wants to only be minimally involved in the case. Shortly before the pretrial hearing, before the appeal, Buffalo moved to substitute Bagby with its non-infringement expert, Mr. Lanning, citing concerns about Bagby's health and willingness to testify at trial. Allegedly, shortly after a deposition in this case, Bagby became ill for five hours and then became concerned that further participation in the case might harm his health. CSIRO vigorously opposed the motion arguing that Buffalo had not established any medical necessity for substitution and any such substitution would severely prejudice CSIRO. The Court denied Buffalo's motion.

Buffalo again seeks to substitute another expert to replace Bagby. In Buffalo's brief, Buffalo states that Buffalo contacted Bagby after the remand and learned that Bagby continues to express his belief that testifying may jeopardize his health. But Buffalo presents no evidence of Bagby's current medical condition and no evidence that further participation in this case might harm Bagby's health. Given that CSIRO does not oppose Bagby issuing a supplement report on *KSR* obviousness, this motion is not significantly different from the earlier motion to substitute that the Court denied.

In its reply brief, Buffalo states that "to the extent Buffalo decides to offer any testimony based on Bagby's expert report, that testimony will be offered by Mr. Bagby." Docket No. 326 at 4. Thus, Buffalo has not ruled out the possibility of calling Bagby as a witness. This further undercuts Buffalo's claim that Bagby's health may prevent him from testifying.

Accordingly, as Buffalo has not presented any evidence that Bagby is actually unable to testify due to a diagnosed medical condition, thus necessitating the identification of a substitute

witness, this factor weighs in favor of denying the motion.

*Importance of the testimony*

This factor is neutral since the Court would not be excluding testimony on *KSR* obviousness if McNair is not allowed to be substituted for Bagby.  Testimony on Buffalo's obviousness theory could still come in through Bagby.  Buffalo has not argued or shown that Bagby is somehow not qualified to testify on *KSR* obviousness.  Accordingly, this factor is neutral.

*Potential prejudice in allowing the testimony*

CSIRO argues that it would be severely prejudiced if Buffalo were allowed to substitute invalidity experts because Bagby made a number of admissions in his deposition that CSIRO intends to rely on to impeach his expected testimony at trial.  If McNair were allowed to testify, impeaching him with Bagby's statements would not have the same affect as impeaching Bagby with his own statements.  CSIRO further argues that an entirely new report would be required from McNair because even if McNair were to adopt some of Bagby's prior opinions, McNair could not purport to have reached those opinions in the same way.  CSIRO contends that Buffalo's real motivation in seeking to replace Bagby is that he was not a good witness for Buffalo.

CSIRO would be prejudiced by the substitution.  Impeaching McNair with Bagby's statement would have a minimal impact on the jury, whereas impeaching Bagby with his own statements would have a much stronger impact.  This factor weighs against allowing the substitution.

*Availability of a continuance to cure such prejudice*

A continuance could not cure CSIRO's prejudice if the substitution were allowed.  First, a continuation would not go to the heart of the prejudice—that Bagby made prior unfavorable statements that could not be used as effectively to impeach McNair.  Second, this case is set for trial in April along with three other cases in which CSIRO claims infringement of the same patent.

4

Continuing this case would requiring either continuing the three other cases or severing this case for its own trial, which this Court has already determined would be judicially inefficient. *See* Docket No. 331. Accordingly, this consideration weighs against allowing the substitution.

## CONCLUSION

Buffalo has attempted to style this as a motion to identify an additional witness to address *KSR* rather than a motion to substitute expert witnesses. This is a distinction without a difference. This case is on remand to address obviousness, willfulness, and damages, and Bagby had previously testified on obviousness. Remand does not give Buffalo an excuse to bring in a new expert witness when it had an expert witness who had already testified on the same subject matter. Given Bagby's prior statements and the absolute lack of evidence concerning his health, Buffalo's attempt to replace Bagby with McNair appears to be only a litigation tactic to avoid those negative statements. The Court **DENIES** the motion.

**So ORDERED and SIGNED this 3rd day of February, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**